CARROLL, Judge.
The appellant was informed against, tried and convicted of conspiracy to dis■seminate racing information in violation of •§ 550.35, Fla.Stat., F.S.A. The count of the information on which appellant was ■convicted alleged appellant and another conspired to obtain and transmit race re■sult information within the prohibited period before and after races on stated •dates, and pursuant to such conspiracy did ■such acts on certain days as to designated .races.
With exceptions not applicable here, subsection (1) of § 550.35 makes it unlawful to transmit race information during certain hours “from any race track.” Under subsection (2) of § 550.35 it is made unlawful to transmit such race information when it is “knowingly used or intended to be used for illegal gambling purposes, or in furtherance of such gambling.” The latter subsection applies whether the information is transmitted from the track or beyond its confines.
On this appeal the appellant contends, among other things, that the guilty verdict was not justified on the evidence. That contention has merit, and requires reversal of the judgment. It was shown in evidence that on certain days when horce racing was in progress appellant and another drove into the race track parking area where they could hear the announcements and see the posted results of races, following which they would leave and appellant would enter a telephone booth located near but outside the track property, and was seen using the telephone. There was no evidence to show what number or numbers were called, or to whom the calls were made or what was said over the telephone. From the facts disclosed it would be reasonable to assume the telephone calls were for the purpose of disseminating racing result information, but the evidence was circumstantial and as such was insufficient. This is so because the appellant could have been using the telephone for other purposes. While the circumstantial evidence upon which the conviction depended was consistent with guilt, it was not inconsistent with any reasonable hypothesis of innocence.[1] The fact that the former was more probable than the latter was not adequate support of a conviction.[2] Moreover, as the telephone calls were made outside the track subsection (1) of § 550.35 was not applicable, and under subsection (2) of the statute it was necessary to show that such information was disseminated knowingly for use in or furtherance of illegal gambling. *856 On this latter proof requirement there was no evidence.
Accordingly the judgment appealed from is reversed.
Reversed.

. See Davis v. State, Fla.1956, 90 So.2d 629; 13 Fla.Jur., Evidence § 417.

. See Davis v. State, supra, at 632; Driggers v. State, Fla.1964, 164 So.2d 200, 203.